UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA FOOTLICK; ROBIN SIMKINS; ERIN CLARK; TOBY ADAMSON; JAY RUDMAN; AND GRIFFIN CAPRIO,<br><br>Plaintiffs,<br><br>v.<br><br>TOPSTEP LLC; TOPSTEP HOLDINGS LLC; TOPSTEPTRADER LLC; TOPSTEPPEOPLE INC.; PATAK HOLDINGS, INC.; and MICHAEL PATAK, *in his individual capacity*,<br><br>Defendants. | Case No. 1:22-cv-06152<br><br>Hon. John Robert Blakey |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL & MOTION FOR CONTINUANCE OF DISCOVERY AND ANSWER DEADLINES**

Defendants Topstep LLC, Topstep Holdings LLC, TopstepTrader LLC, TopstepPeople Inc., Patak Holdings, Inc. ("Patak Holdings") and Michael Patak ("Patak," and all defendants collectively, "Defendants") respectfully submit this Reply in Support of Defendants' Motion for Partial Dismissal & Motion for Continuance of Discovery and Answer Deadlines.

**I. INTRODUCTION**

Plaintiffs' Response to Defendants' Motion for Partial Dismissal (the "Response") offers no justification for allowing Plaintiffs to proceed on Counts V–XI as pleaded in the First Amended Complaint ("FAC"). The case law on which Plaintiffs rely is largely obsolete or inapplicable. Plaintiffs have simply not met their burden under the federal pleading standard that governs this

1

case. As such, Counts V and VI as to certain Defendants and Counts VII–XI in their entirety should be dismissed.

## II. ARGUMENT

### A. Plaintiffs Rely on Impermissible Group Pleading for Counts V and VI.

In their Response, Plaintiffs attempt to complicate what is a simple fact: the majority of Defendants are not signatories or parties to the 2020 Operating Agreement. The arguments Plaintiffs present in their Response regarding Counts V and VI only serve to confirm this fact. (*See, e.g.*, Resp., 5 ("The signature pages [of the 2020 Operating Agreement] do not identify all Members, Interest Holders, and Managers.").) Rather than attempt to parse out which Defendants Plaintiffs may or may not have claims against, Plaintiffs have relied on improper group pleading. In fact, Plaintiffs admitted both in the FAC and in their Response, that they do not know which Defendants are relevant to which claims, specifically with respect to Counts V and VI. (*See* FAC n.1; Resp. 6, 7.)

The Northern District of Illinois is clear that this type of group pleading is impermissible. In *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am.*, the Court dismissed claims based on impermissible group pleading since "[a] complaint must set forth what each person (or corporation) is accused of doing . . . 'A complaint based on a theory of collective responsibility must be dismissed.' The core of such a requirement is that each defendant is put on notice as to the scope of the claims against it." *Chamberlain Grp., Inc. v. Techtronic Indus. N.A., Inc.*, Case No. 16 CV 06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009)). Here, as in *Chamberlain*, the allegations in the FAC do not distinguish between the defendants, a single name is used to refer to multiple defendants, and "the complaint tells us nothing about the individual actions of, or the relationships between, the various [corporate] defendants." *Id.* at *11.

Plaintiffs insist that discovery is necessary to clarify the corporate relationships between Defendants, but have offered no explanation of how any information gained in discovery would overrule the case law limiting liability for breach of contract to the signatories for that contract.[1] As such, Plaintiffs' Counts V and VI should be dismissed.

Plaintiffs' argument regarding potential liability for certain Defendants as alter egos is similarly flawed. In addition to Plaintiffs' case law being distinguishable from this case[2], these alter ego arguments are subject to the same issue regarding impermissible group pleading. Plaintiffs have provided no details regarding which entity would be subject to any alter ego analysis, thereby failing the notice pleading standard to which this case is subject.

  **B.**   <u>**Plaintiffs' Allegations Are Insufficient to Support Counts VII–XI.**</u>

    ***1.***   ***Count VII does not satisfy the pleading standards for any Defendant, and Defendant Patak should be dismissed as a matter of law.***

The case law on which Plaintiffs rely for the Response regarding Count VII (breach of fiduciary duty) is inexcusably out of date and has been overturned. Plaintiffs' primary argument with respect to Count VII is that they are not required to plead facts or elements of their causes of action to provide sufficient notice. (Resp., 7–8.) For any plaintiff to assert that it is "'not required to plead either facts or legal theories' is completely untethered from the last decade of law." *MAO-*

---

[1] As one of the Plaintiffs, Jay Rudman, served as CEO of Topstep LLC during the relevant time period (FAC ¶ 149), and another, Melissa Footlick was a founding member and COO of TopstepTrader and Topstep LLC (FAC ¶¶ 82, 88, 91), it is unclear what additional information Plaintiffs believe they need to learn through discovery to properly assert their claims.

[2] Disallowing an alter ego claim would make a substantial difference in the prosecution of this case, unlike in Plaintiffs' cited case. *See Scher v. Essar Global Fund. Ltd.*, 602 B.R. 600, 606 (Bankr. D. Del. 2019). Similarly, the allegations of fraud and negligent misrepresentation that Plaintiffs set forth in their FAC are not a result of the alleged misuse of the corporate form. Thus, Plaintiffs have failed to plead sufficient facts to satisfy the test set forth in *Blair v. Infineon Tech.* (which also derives from Third Circuit law, rather than Delaware law). *See Blair v. Infineon Tech. AG*, 720 F. Supp. 2d 462, 470–71, 473 (D. Del. 2010).

*MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 1:17-cv-1537, 2019 WL 6311987, at *8 (C.D. Ill. Nov. 25, 2019). The case on which Plaintiffs rely for this obsolete position is *In re Fleming Packaging Corp.*, 370 B.R. 774 (Bankr. C.D. Ill. 2007), citing *Hefferman v. Bass*, 467 F.3d 596 (7th Cir. 2006). (Resp., 7–8.) *Hefferman*, in turn, relied on the old standard of *Conley v. Gibson*, 355 U.S. 41 (1957) which has been abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "[I]t is almost inconceivable that [more than] a decade after *Twombly* and *Iqbal* counseled parties would suggest they lack a responsibility to plead the requisite factual content" to assert plausible claims. *MAO-MSO Recovery II*, 2019 WL 6311987 at *8.

Not only have Plaintiffs grossly misstated the pleading standard to which they are subject, they have also failed to meet the correct pleading standard. Plaintiffs offer no allegations that, if true, would rebut the business judgment rule. Plaintiffs are required to meet this baseline standard, as illustrated through both Plaintiffs' and Defendants' cited cases. *See In re Caterpillar Inc., S'holder Derivative Litig.*, No. 1:13-cv-01104-SLD-JEH, 2016 WL 5660370, at *10 (C.D. Ill. Sept. 29, 2016) (dismissing a complaint for failure to allege fact rebutting the business judgment rule); *Orman v. Cullman*, 794 A.2d 5, 19–25 (Del. Ch. 2002) (requiring the business judgment rule to be rebutted at the pleadings stage). As set forth in Defendants' Motion, Plaintiffs' allegations concerning fraud and negligent misrepresentation do not relate to the decisions listed in Count VII for which Plaintiffs allege a breach of fiduciary duty. (*See* Def.s' Mot., 7–8.)

In the alternative, Count VII should be dismissed with respect to Defendant Patak for two reasons. First, under the 2016 Operating Agreement, Patak owed no fiduciary duties in his capacity as an officer or Class A member of Topstep. Plaintiffs point to section 15-3(g)(3) of the Illinois LLC Act to argue that Patak owed duties as a "*de facto* manager," but wholly fail to address the case law interpreting that provision of the Act. *See 800 S. Wells Commercial LLC v. Cadden*, 2018

IL App (1st) 162772, at ¶ 56 (analyzing § 15-3(g)(3) and finding "a member who was explicitly not granted managerial authority under [the relevant] operating agreement . . . could owe no fiduciary duties") (citing *Katris v. Carroll*, 362 Ill. App. 3d 1140, 1147 (2005)). As discussed in Defendants' Motion, the 2016 Operating Agreement dictates the LLC be managed "solely and exclusively by the manager." (*See* Def.'s Mot., 8.)

Second, Plaintiffs now claim that Patak owed a fiduciary duty under the 2020 Operating Agreement. However, the First Amended Complaint does not allege any breach of fiduciary duty against Patak arising out of the 2020 Operating Agreement. (*See* FAC ¶ 214 ("Under the 2020 Operating Agreement and LLC Act, as Manager of Topstep, Patak Holdings and Topstep Holdings owe Plaintiffs a duty of good faith and fair dealing.").) Nor could it. Section 6.5(b) of the 2020 Operating Agreement provides that "None of the Members . . . or officers shall be liable, responsible, or accountable . . . to any Member or to the Company for any act performed or omitted to be performed by such Person . . . except for such Person's gross negligence, reckless conduct, fraud, bad faith, material breach of this Agreement or violation of applicable law." (2020 OA at § 6.5(b).) As set forth in Defendants' Motion, the allegations in Count VII do not allege that any of the at-issue decisions were taken under the guise of fraud, illegality, conflict of interest, or bad faith. (Def.s' Mot., 7.) Count VII should be dismissed with prejudice as it relates to Patak.

        2.     ***Count VIII should be dismissed under both Illinois and Delaware law.***

Plaintiffs do not address the case law cited by Defendants demonstrating that piercing the corporate veil is not a standalone cause of action such that it should be dismissed as premature, instead arguing that Delaware law applies. (Resp., 9.) As set forth above, Plaintiffs have provided no details regarding which entity they claim to be subject to any alter ego analysis, rendering unclear which state law should apply. Plaintiffs have pled that three of the five entity Defendants

(Patak Holdings Inc., Topstep Holdings LLC,³ and TopstepTrader LLC) are Illinois companies (*see* FAC ¶¶ 12, 13, 15), whereas two (Topstep LLC and TopstepPeople, Inc.) are incorporated in Delaware (*id.* ¶¶ 11, 16). Therefore, the applicable law differs depending upon which corporate veil Plaintiffs seek to pierce. *See Bracken Data, Inc. v. Guel*, No. 22-cv-273, 2022 WL 3999810, *11 (N.D. Ill. Sept. 1, 2022).

In either event, Count VIII should be dismissed in its entirety. First, with respect to Defendants incorporated in Illinois, Plaintiffs' attempt to pierce the veil are premature until any underlying liability has been established. (*See* Defs.' Mot., 8–9.) Second, with respect to the Delaware entities, Plaintiffs have not adequately pled a claim to pierce the corporate veil. Under Delaware law, courts "look to a number of factors when deciding whether to pierce the corporate veil, including: '(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a façade for the dominant shareholder.'" *Bracken Data*, 3999810 WL at *11 (*quoting MicroStrategy Inc. v. Acacia Rsch Corp.*, No. 5735-VCP, 2010 WL 5550455, at *11 (Del. Ch. Dec. 30, 2010)). The decision does not rest on any one factor, but requires some combination of factors *in addition to* "an overall element of injustice or unfairness," *id.*, such that the "corporate structure cause fraud or similar injustice." *Wallace ex. rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999). Plaintiffs' allegations do not meet this standard as they allege only that Patak failed to observe corporate formalities, but do not allege any facts to show that the entities were "a sham and exist for no other purpose than as a vehicle for fraud." *Id.* Count VIII should be dismissed.

---

³ Defendant Topstep Holdings LLC is actually a Delaware limited liability company.

### 3. Counts IX and X are barred by insufficient pleading and the plain language of the 2020 Operating Agreement.

Plaintiffs' arguments regarding negligent misrepresentation and fraud misconstrue the crux of Defendants' Motion: Plaintiffs have failed to plead sufficient facts relating to reasonable reliance. (*See* Defs' Mot., 10–11.) Regardless of whether Plaintiffs must plead with particularity or with the baseline notice pleading required by the federal rules, *Twombly*, and *Iqbal*, Plaintiffs are required to plead facts relating to the elements of their claims. (*see supra* Section II.B.1.) Reasonable reliance is an inescapable element of fraud and negligent misrepresentation under both Illinois and Delaware law. *See Metro Commc'ns Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 144 (Del. Ch. 2004); *see also Lenzi v. Morkin,* 116 Ill. App. 3d 1014, 1017 (1st Dist. Ct. App. 1983) (citing *Soules v. General Motors Corp.*, 79 Ill. 2d 282, 402 N.E.2d 599 (1980)); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 722–23 (applying Illinois law); *Midwest REM Enters., Inc. v. Noonan*, 2015 IL App (1st) 132488, ¶ 68; *In re Wayport, Inc. Litig.*, 76 A.3d 296, 325 (Del. Ch. 2013) (requiring actual reliance); *St. James Recreation, LLC v. Rieger Opportunity Partners, LLC*, No. 19346, 2003 WL 22659875, at *3 (Del. Ch. Nov. 5, 2003) (requiring justifiable reliance).

Plaintiffs' arguments about the "who, what, when, where, and how" of their fraud and negligent misrepresentation claims do nothing to address their failure to plead any facts regarding the reasonableness of their barebones alleged reliance on Defendants' alleged misstatement in the March 30, 2020 email. (*See* Resp., 10–11.) Indeed, the paragraphs of the Complaint to which Plaintiffs cite for their supposed reliance allegations do not once state that Plaintiffs relied on the statements in the at-issue email. (*See id.* at 11 (citing FAC ¶¶ 57–70).)

Further, Plaintiffs have not met the standards set forth in the cases to which they cite. For example, as highlighted in Plaintiffs' Response, *Lock v. Schreppler* held that to establish justifiable

7

reliance, the representation relied upon must (1) "involve a matter which a reasonable person would consider important in determining his choice of action in the transaction in question, " and (2) be "a substantial factor in inducing the plaintiffs to act." *Lock v. Schreppler*, 426 A.2d 856, 863 (Del. Super. Ct. 1981). Plaintiffs have pleaded neither. The section of the FAC to which Plaintiffs cite relates to the awarding of Incentive Units and an email from March 30, 2020 announcing the 2020 Operating Agreement. (FAC ¶¶ 57–70.) Plaintiffs make no allegations that this email was important in making their decisions about any action they took or did not take. Nor do these paragraphs allege that this email was a "substantial factor" in those decisions. Plaintiffs' Response merely reiterates their allegations, which are insufficient to establish reliance for a claim of negligent misrepresentation or fraud. As such, these claims should be dismissed.

Moreover, the claims are barred as a matter of law because they are foreclosed by the plain language of the 2020 Operating Agreement. Contrary to Plaintiffs' argument that the anti-reliance provision does not apply here, Section 3.8 of the 2020 Operating Agreement is squarely on point. Plaintiffs have alleged that the March 2020 email misrepresented the manner in which they would be treated as holders of Class B units, in particular as to how those Class B units would be valued. (FAC ¶¶ 64-65.) Indeed, the entire crux of Plaintiffs' Complaint is that the Class B units were treated in a manner contrary to Plaintiffs' expectations.

But, the 2020 Operating Agreement is the Agreement governing how the Class B units (defined as "Interests" in the 2020 Operating Agreement)[4] would be treated. Accordingly, Plaintiffs explicit agreement that "no representation, warranty or written communication with

---

[4] "Interests" is defined to mean "a direct ownership interest in the Company, including a direct ownership interest in Units, entitled the holder thereof to receive a share of distributions of Profits and Losses of the Company *in accordance with the terms of this Agreement*." (2020 OA at 5 (emphasis added)). Units is also defined. It is defined as "Class A Units and Class B Units owned by the Interest Holders." (*Id.* at § 3.1(a).)

8

respect to the Interests were made" and that they were "not relying upon any information other than that contained in this Agreement and the results of [their] own independent investigation" with respect to those Interests explicitly disclaims any claim for fraud or misrepresentation regarding how those Interests would be treated, as they now seek to assert. 2020 OA at § 3.8; *see also ABRY Partners V, L.P. v. F&W Acq. LLC*, 891 A.2d 1032, 1061 (Del. Ch. 2006) (Strine, V.C.); *St. James Recreation, LLC v. Rieger Opportunity Partners, LLC*, 2003 WL 22659875 at *3 ("Delaware courts have held that sophisticated parties may not reasonably rely upon representations that are inconsistent with a negotiated contract, when that contract contains a provision explicitly disclaiming reliance upon such outside representations."). Counts IX–X should be dismissed with prejudice.

    **4.    *Count XI fails because Plaintiffs are not consumers under ICFA, nor do Plaintiffs' allegations have a nexus to consumers.***

Plaintiffs do not argue that they themselves fall within the definition of a consumer, as interpreted by Illinois state and federal courts. *See Chartwell Studio, Inc., v. Team Impressions, Inc.*, No. 19-cv-06944, 2020 WL 4053752, at *15 (N.D. Ill. July 20, 2020); *Hubbard St. Lofts LLC v. Inland Bank*, 2011 IL App (1st) 102640, at ¶ 7. Rather, they claim their allegations sufficiently plead the requirements of the "consumer nexus test," which is applicable in instances where the plaintiff fails to establish that they are "consumers" under ICFA. *See Parham v. Lakeview Loan Servicing, LLC,* Case No. 1:18-cv-04678, 2021 WL 877723, at *7 (N.D. Ill. Mar. 8, 2021). To plead a "consumer nexus," plaintiff must "allege that the conduct complained of involves trade practices directed to the market generally or [that] otherwise implicates consumer protection

9

concerns." *Mighty v. Safeguard Props. Mgmt., LLC*, Case No. 16 C 10815, 2017 WL 3922130, at *8 (N.D. Ill. Sept. 7, 2017).[5]

Neither criteria is pled here. Plaintiffs allege that Defendants' "deceptive practices" were 1) inducing Plaintiffs to sign the 2020 Operating Agreement, and 2) fraudulently valuing the Plaintiffs' Class B shares. (FAC ¶ 237.) Neither of these alleged actions was directed to the market generally, nor implicates consumer protection concerns. Despite their tortured reading of their own FAC, Plaintiffs do not plead otherwise. Unlike the cases cited by Plaintiffs, the FAC does not allege any competitive disadvantage through Defendants' general misleading of consumers (*see Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 777 (N.D. Ill. 2008)), a general practice applicable to the consumer market (*see Griffin v. Safeguard Properties Mgmt, LLC*, 2020 WL 6118572, at *4 (N.D. Ill. Oct. 16, 2020)), nor that Defendants made representations on websites directed to the "consumer public in general" (*see Breeze v. Bayco Products, Inc.*, 475 F. Supp. 3d 899, 906 (S.D. Ill. 2020)). Rather, this is a case in which "the connection between defendants' [alleged] misrepresentations and the ultimate consumer" are "too tenuous" at best, if not non-existent. *Id.* Because Plaintiffs are not consumers, the alleged deceptive practices were not directed to the market generally, and the alleged practices do not implicate consumer protection concerns, Count XI should be dismissed with prejudice.

### III.  CONCLUSION

For the foregoing reasons, this Court should dismiss Counts V and VI as to certain Defendants and dismiss Counts VII–XI of the FAC in their entirety.

---

[5] "To establish an implication of consumer protection concerns, the plaintiff must show (1) that its actions were akin to a consumer's actions to establish a link between it and consumers; (2) that defendant's representations concerned consumers other than the plaintiffs; (3) that defendant's particular action involved consumer protection concerns; and (4) how the requested relief would serve the interest of the consumers." *Mighty*, 2017 WL 3922130 at *8 (citing *Thrasher-Lyon* at 912).

Dated: May 11, 2023

Respectfully submitted,

                                              */s/ Margo Wolf O'Donnell*
                                              Margo Wolf O'Donnell (6225758)
                                              Timothy Frey (6303335)
                                              Hannah Stowe (6323578)
                                              P. Alexander Ehler (6341583)
                                              **BENESCH, FRIEDLANDER,**
                                                **COPLAN & ARONOFF LLP**
                                              71 S. Wacker Drive, Suite 1600
                                              Chicago, Illinois 60606-2211
                                              Telephone: 312.212.4982
                                              Facsimile: 312.767.9192

                                              *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that they caused a true and correct copy of the foregoing **Reply in Support of Defendants' Motion for Partial Dismissal & Motion for Continuance of Discovery and Answer Deadlines** to be served upon all parties by electronic mail and this Court's ECF system, this 11th day of May 2023.

_/s/ Margo Wolf O'Donnell_
