IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA FOOTLICK, ERIN CLARK, TOBY ADAMSON, JAY RUDMAN, and GRIFFIN CAPRIO, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) |
| TOPSTEP LLC, TOPSTEP HOLDINGS LLC, TOPSTEPTRADER LLC, TOPSTEPPEOPLE INC., PATAK HOLDINGS, INC., and MICHAEL PATAK, in his individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 22 C 6152

Magistrate Judge M. David Weisman

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on defendants' motion for a protective order. For the reasons set forth below, the Court grants the motion [ECF 155].

**Discussion**

Federal Rule of Civil Procedure 26(c) permits the Court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants say they need a protective order "prohibiting Plaintiffs from inquiring during depositions about Topstep's financial performance, business operations, distributions, and regulatory activity any time after July 31, 2022." (ECF 155 at 2.) Specifically, defendants contend that Topstep's information after July 2022, that has nothing to do with the value of plaintiff's alleged ownership interests when they were redeemed, and all testimony about Topstep concerning any matter after December 31, 2022 is irrelevant. Moreover, they say that plaintiffs' attempts to elicit testimony about Topstep's operations after July 2022 violates the joint protocol for ESI and documents, which states: "Discovery from the Parties on issues concerning the value of Plaintiffs' alleged ownership interests will be limited to ESI . . . created on or after January 1, 2013 through December 31, 2022. Discovery on all other issues will be limited to ESI . . . created on or after January 1, 2013 through July 31, 2022." (ECF 59 ¶ 1C; *see* ECF 155-7, Topstep's Resp. Rudman's 1st Set of Requests Prod. ¶ 15; 157-8, Topstep's 2d Am. Resps. & Objs. Interrogs. ¶ 3; ECF 59, ESI Protocol ¶ 1C.) Thus, defendants ask the Court to prohibit plaintiffs from inquiring about these topics during the depositions of Michael Patak, Andrew Maratea, and any 30(b)(6) witness.

Plaintiffs argue that defendants' post-July 2022 financial information is relevant to the central issue in this case, *i.e.*, whether "the value Defendants ascribed to Plaintiffs' Class B shares

. . . was below fair market value." (ECF 167 at 9.) They also say that the relevant time period set forth in the ESI protocol relates "only to the collection and preservation of ESI," not to other forms of discovery. (*Id.* at 12.) Moreover, plaintiffs argue that defendants' confidentiality concerns are addressed by the confidentiality order, and they have not shown good cause for a protective order.

Contrary to plaintiffs' assertion, the parties' agreement as to the temporal scope of discovery was not limited to ESI and documents. In their answers to plaintiffs' first set of interrogatories, defendants said: "Following the Parties' meet and confer, Topstep agrees to a period of January 1, 2013 through July 31, 2022 as the Relevant Period." Moreover, if, as plaintiffs contend, the temporal scope applies only to documents and ESI but not to other forms of discovery, either party could circumvent the agreement by asking deposition questions about events that happened outside of the agreed-upon time period, which undoubtedly would lead to seeking other forms of discovery to further explore these areas of inquiry. Thus, the Court is not persuaded that the temporal agreement only applies to certain types of discovery.

Even if it does, there is still good cause for a protective order because enlarging the relevant time period would "reveal sensitive and confidential commercial information about Topstep that would harm its competitive standing" because of "the tight competitive landscape for educational trading platform companies[,] . . . the historical tendency for ex-Topstep employees to seek employment with competitors," and plaintiffs' demonstrated "willingness to transmit defendants' sensitive business information via personal email" (ECF 155 at 5-6.) Further, the factual relevance of financial and operational information after July 31, 2022 (the redemption date) wanes over time. The relevance of events beyond the end of 2022 similarly has diminished and likely marginal significance given the factual landscape here – i.e. the value of shares as of July 31, 2022. While valuation considerations do not end precisely at a particular point in time, the Court struggles to understand how information and events that occur more than five months after the redemption date can have any meaningful relevance in this matter. Therefore, defendants' motion [155] is granted.

**SO ORDERED.**

**ENTERED: December 12, 2025**

                                                                **M. David Weisman**
                                                                 **United States Magistrate Judge**